**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3783-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAMONT CRYMES, a/k/a
MALICK SHABAZZ, IBN
SHABAZZ, MUSALA
MUZZHUALEEN, LAMONT
GRYMES, LAMONT GRAISON,
LAMAR GRAISON, LAMONT
CRIMES, LAMONT CRANZ,
LAMAR CRANZ, LAMAR CRANS,
MUZZAMIL HAGG, and
MUZZAMIL HAQQ,

    Defendant-Appellant.

_____

Submitted November 13, 2024 – Decided July 15, 2025

Before Judges Firko and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 18-10-1638 and 18-11-1224.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

William Reynolds, Atlantic County Prosecutor, attorney for respondent (Courtney Cittadini, Chief Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Lamont Crymes appeals from an August 7, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In April 2019, defendant pleaded guilty to separate indictments: second-degree distribution of a controlled dangerous substance (CDS), heroin/cocaine, within 500 feet of a public building, N.J.S.A 2C:35-5(b)(3), under Indictment Number 18-10-1638; and to second-degree aggravated assault, N.J.S.A 2C:12-1(b)(1), under Indictment Number 18-11-1224. During the plea allocution, defendant admitted that (1) while near a library, he had possessed heroin for personal use and to share with a friend, and he struck a woman in the face, body, and rib cage with the intent to cause serious bodily injury, and the victim was seriously hurt. Satisfied that defendant had provided a sufficient factual basis

for each crime, the trial court accepted his guilty plea as voluntarily and knowingly made. On the plea form, defendant circled "yes" to Question 24, indicating that he was satisfied with the advice received from his trial counsel.

Defendant requested release pending sentencing, citing a recent diagnosis indicating an "elevated risk of cancer" and the need to undergo a biopsy and planned medical treatment. Defendant acknowledged his understanding that failure to appear for sentencing would result in the imposition of a twenty-five-year prison sentence, rather than the State's recommended seven-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for the aggravated assault charge and a concurrent seven-year prison term with three-and-a-half years of parole ineligibility for the drug distribution charge.

Over the State's objection, the trial court released defendant on home detention with an electronic bracelet. The next day, defendant removed the electronic bracelet and evaded supervision for months. He failed to appear for sentencing and a bench warrant was issued by the trial court. Defendant was then indicted for contempt.

Prior to sentencing, a new assigned public defender requested all of the victim's medical records. Defendant then filed a motion to withdraw his guilty plea on the aggravated assault conviction, which was later withdrawn when trial

counsel obtained the victim's medical records. The State subsequently reduced its sentencing recommendation on the aggravated assault conviction from a seven-year prison term to a five-year term subject to NERA. The plea agreement was renegotiated to reflect this new recommendation.

On January 8, 2021, defendant was sentenced to a seven-year prison term with a three-and-a-half-year period of parole ineligibility on the drug conviction under State v. Brimage, 153 N.J. 1 (1998), and a concurrent five-year prison term of the aggravated assault conviction. Defendant appealed his sentence, which we vacated and remanded on a sentencing oral argument calendar pursuant to Rule 2:9-11. State v. Crymes, No. A-1769-20 (App. Div. Oct. 27, 2021). He was resentenced to a flat five-year prison term on the CDS conviction, and the five-year prison term on the aggravated assault conviction was reimposed.

Defendant timely filed a self-represented PCR petition and two briefs, asserting two claims of ineffective assistance of trial counsel. Defendant first claimed that his trial counsel failed to obtain the victim's medical records, arguing these records demonstrated that the victim did not sustain a serious bodily injury and did not support the aggravated assault conviction. He further claimed that trial counsel was ineffective for failing to obtain a lab report to

establish that the drug was heroin and to object to his guilty plea for drug-distribution, alleging that the plea was not supported by an adequate factual basis. After PCR counsel was assigned, a supplemental brief was filed that essentially reiterated the same arguments, along with a letter to the trial court. and an appendix.

Following oral argument on May 30, 2023, the PCR court rendered a well-reasoned oral opinion denying defendant's PCR petition. In regard to the aggravated assault, the trial court cited to defendant's plea allocution and the withdrawal of his motion to withdraw his guilty plea on the aggravated assault conviction. Citing N.J.S.A. 2C:11-1(b) and the pre-sentence report, the court highlighted the "visible" injuries to the victim's face, rib cage, and body, as well as the medical records obtained by newly assigned trial counsel.

Concerning defendant's guilty plea on the drug conviction, the PCR court again cited to defendant's plea allocution, which provided an adequate factual basis for the guilty plea. The PCR court further explained defendant "presented no evidence nor [was] there any in the record that the individual with whom he shared the heroin jointly possessed the heroin with him."

Accordingly, the PCR court concluded defendant failed to establish that trial counsel's performance was deficient. The PCR court further concluded that

A-3783-22

even if trial counsel's performance fell below the standard of reasonable competence, defendant could not establish that but for counsel's deficient performance, he would not have pled guilty and would have gone to trial. A memorializing order was later entered. Defendant now appeals.

## II.

On appeal in defendant's counsel brief, defendant raises a single point for our consideration.

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON CLAIMS THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO INVESTIGATE, CAUSING HIM TO ENTER PLEAS WITHOUT FACTUAL BASES, WHICH HE OTHERWISE WOULD NOT HAVE TAKEN.

Defendant raises the following points in his self-represented brief:

> POINT ONE: NEW JERSEY STATUTES CLEARLY STATE, AS IT IS LEGISLATED AN INMATE SERVING TIME IN THE NEW JERSEY STATE PENAL INSTITUTION/PRISONS SHALL BE AWARDED WORK AND COMMUNTATION. [DEFENDANT] AND OTHER SIM[ILI]ARLY SITUATED UPON SERVING AND COMPLETING A NERA SENTENCE ARE NOT AWARDED THESE EARNED CRED[ITS].

PCR serves the same function as a federal writ of habeas corpus. State v. Preciose. 129 N.J. 451, 459 (1992). We use a de novo standard of review when

6

a PCR court does not conduct an evidentiary hearing. State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024) (citing State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016)). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

When petitioning for PCR, a defendant must establish he or she is entitled "to PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014). To sustain this burden, defendant must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish an ineffective assistance of counsel claim, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an

7

objective standard of reasonableness . . . ." State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688) (internal quotation marks omitted).

Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ibid. (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted). It is insufficient for defendant to show the errors "had some conceivable effect on the outcome." Strickland, 466 U.S. at 693. Ultimately, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing only if a defendant establishes a prima facie showing in support of the requested relief. Preciose, 129 N.J. at 462. The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). When determining whether to grant an evidentiary hearing, the PCR court must consider the facts in the light most favorable to the defendant to determine if a defendant has established a prima facie claim. Preciose, 129 N.J.

at 462-63. The court should only conduct a hearing if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)).

Applying these principles, the record establishes that defendant failed to present any prima facie claim that trial counsel was ineffective. The record does not support defendant's contention that his trial counsel failed to investigate the victim's medical records, and that those records did not show serious injuries to support a second-degree aggravated assault conviction. The PCR court noted that prior to sentencing, newly assigned trial counsel requested and obtained the victim's medical records. On this record, trial counsel's performance was more than adequate, resulting in a renegotiated sentence from a seven-year to a five-year prison term based on the attempt to cause serious bodily injury.

Defendant's claim that his guilty plea was not supported by a factual basis because his trial counsel failed to conduct a pretrial investigation and obtain a drug lab report is meritless. The plea transcript reflects that defendant admitted to possessing heroin near a public building, both for personal use and with the intent of sharing it with a friend. Thus, a sufficient factual basis for defendant's guilty plea had been established, which contradicts his assertion that a drug lab

report was necessary to determine whether the CDS was heroin. Hence, an evidentiary hearing was unwarranted.

Lastly, defendant's remaining argument that the drugs were never tested, as well as his claims concerning work and commutation credits should have been raised on direct appeal. PCR proceedings are not a substitute for a direct appeal. See State v. Hannah, 248 N.J. 148, 178 (2021). Therefore, a defendant is "generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal" unless one of three exceptions applies. Ibid. (quoting State v. Nash, 212 N.J. 518, 546 (2013)) (internal quotation marks omitted); see also R. 3:22-4(a)(1) to (3). Here, none of these exceptions are applicable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division